ARNOLDO CASILLAS, ESQ., SBN 158519
**CASILLAS & ASSOCIATES**
2801 E. Spring Street, Suite 200
Long Beach, CA 90806
Tel: (562) 203-3030
Fax: (323) 725-0350
Email: acasillas@casillaslegal.com

Attorneys for Plaintiffs Estate of Christian Baltazar Torres, Plutarco Baltazar and Maria Luisa Torres Cruz

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF CHRISTIAN BALTAZAR TORRES, by and through successors in interest, Plutarco Baltazar and Maria Luisa Torres Cruz; PLUTARCO BALTAZAR, individually; MARIA LUISA TORRES CRUZ, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OXNARD; OXNARD POLICE DEPARTMENT; JARROD SHEFFIELD; and DOES 1 to 10,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Excessive Force/Unreasonable Seizure (42 U.S.C. § 1983)<br>2. Municipal Liability for Unconstitutional Customs and Practices (42 U.S.C. § 1983)<br>3. Interference with Familial Integrity Substantive Due Process Violation (42 U.S.C. § 1983)<br>4. Assault & Battery<br>5. Wrongful Death<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

1
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

# COMPLAINT FOR DAMAGES

COME NOW Plaintiffs ESTATE OF CHRISTIAN BALTAZAR TORRES, by and through successors in interest, Plutarco Baltazar and Maria Luisa Torres Cruz, PLUTARCO BALTAZAR, individually, and MARIA LUISA TORRES CRUZ, individually, and allege as follows:

## INTRODUCTION

1. This civil rights action seeks to establish the true and unequivocal facts surrounding the shooting and killing of CHRISTIAN BALTAZAR TORRES by Officer JARROD SHEFFIELD of the OXNARD Police Department. This civil rights action further seeks to establish the violations of fundamental rights under the United States Constitution in connection with the killing of CHRISTIAN BALTAZAR TORRES on or about April 7, 2023.

2. CHRISTIAN BALTAZAR TORRES was the loving son of Plutarco Baltazar and Maria Luisa Torres Cruz. He was just 18 years old at the time of his death. He had a deep love for his parents. His death has been a profound and unimaginable loss to his parents and family.

3. Without justification or cause, Defendant JARROD SHEFFIELD shot and killed CHRISTIAN BALTAZAR TORRES. This shooting was absolutely unjustified, and it is Plaintiffs' goal to show that the killing of CHRISTIAN BALTAZAR TORRES was a senseless and unwarranted act of police abuse.

## JURISDICTION AND VENUE

4. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the City of OXNARD, California.

6. With respect to Plaintiffs' supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims.

## PARTIES

7. Decedent CHRISTIAN BALTAZAR TORRES was a resident of OXNARD, California.

8. The claims made by the ESTATE OF CHRISTIAN BALTAZAR TORRES, are brought by Plutarco Baltazar and Maria Luisa Torres Cruz, the successors in interest to the Estate of CHRISTIAN BALTAZAR TORRES pursuant to California Code of Civil Procedure § 377.32.

9. Plaintiffs PLUTARCO BALTAZAR and MARIA LUISA TORRES CRUZ are and were, at all times relevant hereto, the natural father and natural mother of decedent CHRISTIAN BALTAZAR TORRES.

10. Defendant CITY OF OXNARD (hereinafter "OXNARD") is and was, at all relevant times hereto, a public entity, duly organized and existing under and by virtue of the laws of the State of California, with the capacity to sue and be sued. Defendant OXNARD is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies. OXNARD operates, manages, directs and controls Defendant OXNARD POLICE DEPARTMENT (hereinafter also "OPD"). Defendant OPD is a subdivision of defendant CITY OF OXNARD, and OPD is also a separate public entity subject to liability under 42 USC, section 1983. At all times relevant to the facts alleged herein, Defendants OXNARD and OPD were responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including OPD employees, complied with the laws and the Constitutions of the United States and of the State of California.

11. Defendant Officer JARROD SHEFFIELD (hereinafter also "SHEFFIELD") is a police officer working for the OXNARD Police Department.

1  Defendant JARROD SHEFFIELD is sued in his official and individual capacity.  At
2  all times relevant to the present action, Defendant JARROD SHEFFIELD was acting
3  under the color of law, to wit, under the color of the ordinances, regulations, policies,
4  customs, and usages of Defendant OXNARD, as well as under the color of the
5  statutes and regulations of the State of California.

6        12.    At all relevant times, defendants DOES 1 through 10 were also
7  employees of the OPD and were acting in the course and scope of said employment,
8  acting as employees and/or agents of Defendant OXNARD.  Each said DOE
9  defendant acted under color of law, to wit, under the color of the statutes, ordinances,
10 regulations, policies, customs, and usages of Defendant OXNARD and the OPD, as
11 well as under the color of the statutes and regulations of the State of California.

12       13.    At all relevant times, each of the Defendants DOES 1 through 10 was
13 acting within his or her capacity as an employee, agent, representative and/or servant
14 of OXNARD and is sued in their individual capacities.

15       14.    On information and belief, at all relevant times, Defendant JARROD
16 SHEFFIELD, and DOES 1 through 10, inclusive, were residents of the County of
17 OXNARD, California.

18       15.    The true names of Defendants DOES 1 through 10, inclusive, are
19 unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names.
20 Plaintiffs will seek leave to amend this Complaint to show the true names and
21 capacities of these Defendants when they have been ascertained. Each of the
22 fictitiously named Defendants is responsible in some manner for the conduct and
23 liabilities alleged herein.

24       16.    Defendants DOES 1 through 10 were duly appointed police officers,
25 sergeants, lieutenants, detectives and/or other supervisors, officials, executives and/or
26 policymakers of OPD, a department and subdivision of Defendant OXNARD, and at
27 all times mentioned herein said Defendants were acting in the course and scope of
28

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

their employment with Defendant OXNARD, which is liable under the doctrine of *respondeat superior* pursuant to California Government Code § 815.2.

17. Defendants DOES 6 through 10 are supervisorial employees for Defendant OXNARD who were acting under color of law within the course and scope of their duties as police officers for Defendant OXNARD. Defendants DOES 6 through 10 were acting with the complete authority and ratification of their principal, Defendant OXNARD.

18. Defendants DOES 6 through 10 are managerial, supervisorial, and policymaking employees of Defendant OXNARD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for Defendant OXNARD. Defendants DOES 6 and 10 were acting with the complete authority and ratification of their principal, Defendant OXNARD.

19. Each of the Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained. Each of the Defendants is the agent of the other.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

20. On or about April 7, 2023, CHRISTIAN BALTAZAR TORRES was contacted by police officers from the OXNARD Police Department, including defendants JARROD SHEFFIELD and DOES 1 through 6, at or near the 2000 block of East Bard Road, in the City of Oxnard.

21. The encounter lead to the shooting of CHRISTIAN BALTAZAR in an alley behind a residential building in the 2000 block of East Bard Road. Other than Christian Baltazar Torres and the five police officers involved in the incident, no other persons were in the area of the encounter.

22. Christian Baltazar Torres displayed obvious signs of mental illness and/or of being under the influence of drugs. He moved very slowly, and he spoke incomprehensible jibberish to the officers that contacted him. When contacted, Christian Baltazar Torres moved away from a vehicle parked in the alley. The officers surrounded Christian Baltazar Torres, and shortly thereafter one of the officers deployed a taser to incapacitate him. The taser was effective and incapacitated him. As Christian Baltazar Torres fell to the ground because of the effect of the taser upon him, another officer fired a less-than-lethal beanbag round at him. The bean-bag projectile struck Christian Baltazar Torres in the chest and further incapacitated him. As a result of the Taser's effect on him and the incapacitating force of the bean-bag round, he landed on the pavement in front of the officers. As Christian Baltazar Torres moved uncontrollably on the ground, defendant Jarrod Sheffield shot Christian Baltazar Torrez in the back. At the time of SHEFFIELD's shooting, Christian Baltazar Torres did not pose an imminent threat to SHEFFIELD, to the officers that were also present or to any other person. As such, the shooting was unreasonable under the totality of the circumstances related to the shooting and was unjustified.

23. CHRISTIAN BALTAZAR TORRES was struck by the gunshots and eventually died from the gunshot injuries. Before he died, CHRISTIAN

BALTAZAR TORRES appreciated his circumstances and was able to realize his impending death.

### FIRST CLAIM FOR RELIEF

### Excessive Force/Unreasonable Seizure

### 42 U.S.C. § 1983

### As Against Defendant JARROD SHEFFIELD

24. Plaintiff ESTATE OF CHRISTIAN BALTAZAR TORRES realleges and incorporates the foregoing paragraphs as if set forth herein.

25. Defendant JARROD SHEFFIELD's actions as described herein above violated CHRISTIAN BALTAZAR TORRES's rights under the Fourth Amendment to the United States Constitution incorporated and made applicable to states and municipalities by the Due Process Clause of the Fourteenth Amendment, by subjecting CHRISTIAN BALTAZAR TORRES to unreasonable searches and seizures of his person.

26. At the time CHRISTIAN BALTAZAR TORRES was shot and killed, he was not engaging in any assaultive or threatening conduct. Under the totality of the relevant circumstances that existed, CHRISTIAN BALTAZAR TORRES posed no danger or threat to Defendant JARROD SHEFFIELD, or anyone else, in his immediate vicinity. The shooting and killing of CHRISTIAN BALTAZAR TORRES was unreasonable under the circumstances in every respect.

27. These actions violated CHRISTIAN BALTAZAR TORRES's right to be free from unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution.

28. The violation of CHRISTIAN BALTAZAR TORRES's Fourth Amendment rights occurred pursuant to a policy, custom, or practice, maintained by OXNARD and of subjecting private citizens to unreasonable searches and seizures in violation of the Fourth Amendment to the United States.

29. Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

30. After being shot by Defendant JARROD SHEFFIELD, CHRISTIAN BALTAZAR TORRES endured great physical and emotional pain and suffering.

31. Accordingly, Defendant JARROD SHEFFIELD is liable to Plaintiff for compensatory damages pursuant to 42 U.S.C. § 1983.

32. The unauthorized, unwarranted killing of CHRISTIAN BALTAZAR TORRES was willful and done with a deliberate disregard for the rights and safety of CHRISTIAN BALTAZAR TORRES, and therefore warrants the imposition of punitive damages as to Defendant JARROD SHEFFIELD.

## SECOND CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Customs and Practices**

**42 U.S.C. § 1983**

**As Against Defendant CITY OF OXNARD,**

**OXNARD POLICE DEPARTMENT and DOES 1 through 10**

33. Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

34. On and before April 7, 203 and prior to the killing of CHRISTIAN BALTAZAR TORRES, Defendants OXNARD, OPD and Does 1 through 10, and each of them, were aware that OPD police officers, including Defendant JARROD SHEFFIELD, had engaged in a custom and practice of callous and reckless use of firearms and other misconduct, as summarized in the paragraphs above.

35. Defendants OXNARD, OPD and Does 1 through 10, and each of them, acting with deliberate indifference to the rights and liberties of the public in general, and of the present Plaintiffs, and of persons in CHRISTIAN BALTAZAR TORRES's

class, situation, and comparable position in particular, knowingly maintained, enforced and applied customs and practices of:

    a.    Encouraging, accommodating, or ratifying the destruction or modification of video footage from police officer body-worn video cameras or other devices which record or memorialize the acts of OPD police officers;

    b.    Encouraging, accommodating, or ratifying the shooting of residents;

    c.    Encouraging, accommodating, or ratifying the use of excessive and unreasonable force, including deadly force;

    d.    Encouraging, accommodating, or facilitating a "code of silence" among OPD officers/supervisors, pursuant to which false reports were generated and excessive and unreasonable force was covered up;

    e.    Employing and retraining, as police officers and other personnel, including individuals such as Defendant JARROD SHEFFIELD, who said Defendants knew or reasonably should have known had dangerous propensities for abusing his authority and for mistreating members of the public;

    f.    Inadequately supervising, training, and disciplining OPD police officers, including Defendant JARROD SHEFFIELD, who said Defendants knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    g.    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling intentional misconduct by officers;

    h.    Assigning police officers with known histories of misconduct, including criminal conduct, in accord with OPD custom of assigning these police officers to come into contact with members of the public;

      i.      Ratifying wrongful conduct by police officers and supervisors which result in serious injuries and death to members of the public, civil litigation judgments and settlements by failing to implement corrective action to prevent repetition of the wrongful conduct; and

      j.      Failing to discipline, investigate and take corrective actions against OPD police officers for misconduct, including, but not limited to, unlawful detention, excessive force and false reports.

36. By reason of the aforementioned customs and practices, Plaintiffs were severely injured and subjected to pain and suffering as alleged above in the First Claim for Relief.

37. Defendants OXNARD, OPD and Does 1 through 10, with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condoned, tolerated and through actions and inactions thereby ratified such customs and practices. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

38. Plaintiffs are informed and believe and thereon allege that Defendant JARROD SHEFFIELD had a history and propensity for acts of the nature complained of herein and manifested such propensity prior to and during his employment and/or agency with Defendant OXNARD. Plaintiffs are further informed and believe and thereon allege that Defendants OXNARD, OPD, and Does 1through 10, knew, or in the exercise of reasonable care should have known, of such prior history and propensity at the time such individuals were hired and/or during the time of their employment. These Defendants' disregard of this knowledge and/or failure to adequately investigate and discover and correct such facts caused the violation of Plaintiffs' constitutional rights.

39. The policies, practices, and customs implemented and maintained and still tolerated by Defendants OXNARD, OPD and Does 1 through 10, and each of them, were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiffs.

40. By reason of the aforementioned acts and omissions, CHRISTIAN BALTAZAR TORRES was shot and killed by Defendant JARROD SHEFFIELD.

41. Accordingly, Defendant OXNARD is liable to Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

### THIRD CLAIM FOR RELIEF

**Interference with Familial Integrity**

**Substantive Due Process Violation**

**42 U.S.C. § 1983**

**As Against Defendants CITY OF OXNARD, OXNARD POLICE DEPARTMENT, JARROD SHEFFIELD,**

**and DOE Defendants 1 through 10**

42. Plaintiffs PLUTARCO BALTAZAR and MARIA LUISA TORRES CRUZ reallege and incorporate the foregoing paragraphs as if set forth herein.

43. The substantive due process clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from unlawful state interference with their familial relations. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

44. On or about April 7, 2023, CHRISTIAN BALTAZAR TORRES was involved in an encounter with various police officers from the OXNARD Police Department wherin, as described above, CHRISTIAN BALTAZAR TORRES was wrongfully shot and killed through the use of excessive force by defendant JARROD SHEFFIELD.  Without reasonable cause, Defendant JARROD SHEFFIELD used unlawful and excessive force against CHRISTIAN BALTAZAR TORRES shooting

him multiple times. The force used was unreasonable and unjustified under the law. CHRISTIAN BALTAZAR TORRES died from the injuries.

45. As alleged above, the shooting and killing of CHRISTIAN BALTAZAR TORRES was unreasonable under the circumstances of the encounter between CHRISTIAN BALTAZAR TORRES and Defendant JARROD SHEFFIELD. As such, the shooting and killing of CHRISTIAN BALTAZAR TORRES violated the constitutional limits on police use of deadly force in violation of the Fourth Amendment's limits on unreasonable seizures.

46. At the same time, the shooting and killing of CHRISTIAN BALTAZAR TORRES by Defendant JARROD SHEFFIELD violated the rights of Plaintiffs PLUTARCO BALTAZAR and MARIA LUISA TORRES CRUZ to be free from police interference in their relationship with CHRISTIAN BALTAZAR TORRES.

47. The unreasonable conduct of Defendant JARROD SHEFFIELD was the direct and proximate cause of the death of CHRISTIAN BALTAZAR TORRES. As a result of the unreasonable conduct of Defendant JARROD SHEFFIELD, Plaintiffs lost CHRISTIAN BALTAZAR TORRES, as well as his love, affection, society and moral support.

48. The unreasonable conduct of these Defendants was willful and done with a deliberate disregard for the rights and safety of CHRISTIAN BALTAZAR TORRES and his mother and father, the present Plaintiffs, and therefore warrants the imposition of punitive damages as to Defendant JARROD SHEFFIELD.

49. The unreasonable use of force which resulted in the death of CHRISTIAN BALTAZAR TORRES also resulted from the unconstitutional customs and practices in place at the OXNARD Police Department, as spelled our herein above in the Second Claim for Relief.

50. Accordingly, in addition to defendant JARROD SHEFFIELD, defendants CITY OXNARD and DOES 1 through 10 are also liable to Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF

## ASSAULT & BATTERY

### As Against Defendants JARROD SHEFFIELD and CITY OF OXNARD

51. Plaintiff ESTATE OF CHRISTIAN BALTAZAR TORRES realleges and incorporates the foregoing paragraphs as if set forth herein.

52. This cause of action arises under the general laws and Constitution of the State of California. Plaintiffs have complied with the California Tort Claims Act requirements to present claims for damages. The claims were denied outright by the City of OXNARD and the present cause of action under California law is timely filed.

53. Defendant JARROD SHEFFIELD, while acting in the course and scope of his employment with the City of OXNARD, assaulted and battered CHRISTIAN BALTAZAR TORRES, as pleaded herein above, when said Defendants acted intentionally to cause, and did cause, said non-consensual, unprivileged, unjustified, excessive, harmful, or offensive contact to the person of CHRISTIAN BALTAZAR TORRES by unreasonably and unjustly shooting and killing CHRISTIAN BALTAZAR TORRES.

54. These acts were undertaken by Defendant JARROD SHEFFIELD intentionally and without justification.

55. As a result of these deliberate and unjustified acts undertaken by Defendant JARROD SHEFFIELD, CHRISTIAN BALTAZAR TORRES endured great physical and emotional pain and suffering.

56. These deliberate and unjustified acts undertaken by Defendant JARROD SHEFFIELD was willful and done with a deliberate disregard for the rights and safety of CHRISTIAN BALTAZAR TORRES and, therefore, warrant the imposition of punitive damages as to Defendant JARROD SHEFFIELD.

57. Defendant CITY OXNARD is liable to Plaintiffs for the acts of their public employees, the individual Defendants herein, for conduct and/or omissions

herein alleged, pursuant to the doctrine of *respondeat superior*, codified at California Government Code § 815.2.

### FIFTH CLAIM FOR RELIEF
### WRONGFUL DEATH
### As Against Defendants JARROD SHEFFIELD,
### CITY OF OXNARD and DOE Defendants 1 through 10

58. Plaintiffs PLUTARCO BALTAZAR and MARIA LUISA TORRES CRUZ reallege and incorporate the foregoing paragraphs as if set forth herein.

59. This cause of action arises under the general laws and Constitution of the State of California. Plaintiffs have complied with the California Tort Claims Act requirements to present claims for damages. The claims were denied outright by the City of OXNARD and the present cause of action under California law is timely filed.

60. Defendant JARROD SHEFFIELD, while working as a police officer of the OPD, and acting within the course and scope of his duties, employed negligent tactics and intentionally and/or without due care shot CHRISTIAN BALTAZAR TORRES. The shooting resulted from said defendants' unsafe, improper and negligent tactics. As a result of these intentional acts and negligence, CHRISTIAN BALTAZAR TORRES suffered serious injuries and lost his life. Said defendant had no legal or reasonable justification for their use of deadly force.

61. As a direct and proximate result of the conduct of Defendant JARROD SHEFFIELD, CHRISTIAN BALTAZAR TORRES lost his life. Plaintiffs have been deprived of the life-long love, affection, comfort, and society of CHRISTIAN BALTAZAR TORRES, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs were further caused to pay funeral and burial expenses as a result of the conduct of Defendant JARROD SHEFFIELD.

62. Defendant CITY OF OXNARD is vicariously liable for the wrongful, intentional and/or negligent acts of Defendant JARROD SHEFFIELD, and DOES 1

through 10, pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

    A.    For compensatory damages, including pre-death pain and suffering damages, general damages and special damages, and statutory damages for violation of the laws and Constitution of the United States and State of California, in an amount to be determined at trial;

    B.    For punitive damages against Defendant JARROD SHEFFIELD, pursuant to 42 U.S.C. § 1983, and any other applicable laws or status, in an amount sufficient to deter and make an example of each said individual non-government entity Defendant;

    C.    For prejudgment interest to be determined at trial;

63.    For reasonable costs of this suit and attorneys' fees, including attorneys' fees pursuant to 42 U.S.C. § 1988; and

    D.    For such further other relief as the Court may deem just, proper, and appropriate.

Dated: March 6, 2024        CASILLAS & ASSOCIATES

                              By:   */s/ Arnoldo Casillas*
                              ARNOLDO CASILLAS
                              Attorneys for Plaintiffs, ESTATE OF CHRISTIAN BALTAZAR TORRES, PLUTARCO BALTAZAR, MARIA LUISA TORRES CRUZ

**DEMAND FOR JURY TRIAL**

Plaintiffs ESTATE OF CHRISTIAN BALTAZAR TORRES, by and through successors in interest, Plutarco Baltazar and Maria Luisa Torres Cruz, PLUTARCO BALTAZAR, individually, and MARIA LUISA TORRES CRUZ, individually, hereby demand trial by jury.

Dated: March 6, 2024          CASILLAS & ASSOCIATES

By:  /s/ *Arnoldo Casillas*
ARNOLDO CASILLAS
Attorneys for Plaintiffs, ESTATE OF CHRISTIAN BALTAZAR TORRES, PLUTARCO BALTAZAR, MARIA LUISA TORRES CRUZ